IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JATINDER SHARMA<br><br>    Plaintiff,<br>v.<br><br>USA INTERNATIONAL LLC,<br><br>and<br><br>KHALIL AHMAD,<br><br>and<br><br>MAHRAH BUTT.<br><br>    Defendants. | CIVIL ACTION NO:  1:13-cv-01573-LO-TRJ |

## JOINT DISCOVERY PLAN

The undersigned counsel for the parties have conferred to consider the nature and basis of their claims and defenses, as described in their respective pleadings, to consider the possibilities for prompt settlement or resolution of this case, to arrange for the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and to develop a proposed discovery plan, which is as follows:

    1.    **Initial Disclosures**.  Rule 26(a)(1) disclosures shall be made on or before **April 7, 2014**.

    2.    **Discovery Generally**.  Discovery is needed on the allegations of the Complaint as well as the denials and defenses contained in the Answer.  All discovery shall be commenced in time to be completed by **July 11, 2014.**

3. **Discovery of Electronically-Stored Information**.  Counsel have discussed with their clients their obligations regarding preservation of discoverable information, and will propose a separate stipulated ESI protocol to the Court as appropriate.

4. **Protective Order.**  Counsel does not anticipate that the production of highly confidential documents will be necessary in this action but will submit a separate stipulated proposed protective order to the Court in the event such production becomes necessary.

5. **Inadvertent Production of Privileged Material.**  Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at trial and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy.  The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

6. **Depositions**.  Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one (1) day of seven (7) hours.

7. **Expert Disclosures**.  The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made first by any plaintiff, counter-plaintiff, or third-party plaintiff no later than **May 12, 2014**.

The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made by any defendant, counter-defendant, or third-party defendant no later than **June 11, 2014**.  Plaintiff, counter-plaintiff, or third-party plaintiff shall disclose any evidence that is solely contradictory or rebuttal evidence to another party's disclosure no later than **June 26, 2013**.

8. **Witness and Exhibit Lists**.  The parties shall exchange at or before the Final Pretrial Conference on **July 17, 2014** the Fed. R. Civ. P. 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts.

9. **Exhibits**.  Each party shall exchange the exhibits it intends to use at trial, or copies thereof, with the opposing party on or before **July 17, 2014**.

10. **No Other Discovery Modifications**.  The parties agree that no further changes need to be made with respect to the limitations on discovery imposed by the Local Rules.

11. **Trial**.  The parties expect that this matter may be tried in approximately three days, with one and a half days for the Plaintiff and one and a half days for the Defendant.  At this time, the parties do not consent to have a United States Magistrate Judge conduct the trial of this matter.

| | |
|---|---|
| /s/ | /s/ |
| Jeffrey S. Poretz, Esquire (VSB 38529) | J. Chapman Petersen, Esq. (VSB 37225) |
| Stephen A. Cobb, Esq. (VSB No. 75876) | Stephen P. Pierce, Esq. (VSB 84999) |
| MILES & STOCKBRIDGE P.C. | SUROVELL ISAACS PETERSEN & LEVY PLC |
| 1751 Pinnacle Drive, Suite 500 | 4010 University Drive, 2nd Floor |
| Tysons Corner, Virginia 22102-3833 | Fairfax, Virginia 22030 |
| Phone:  703-610-8692 | Jpetersen@siplfirm.com |
| Fax:  703-610-8686 | *Counsel for Plaintiff* |
| jporetz@milesstockbridge.com | |
| scobb@milesstockbridge.com | |
| *Counsel for Defendants* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2014, a copy of the foregoing was sent via first class mail and electronic service, to:

J. Chapman Petersen, Esq.
Stephen Pierce, Esq.
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia 22030
Jpetersen@siplfirm.com

/s/
Stephen A. Cobb